MILBURN, use of, &c., vs. WAUGH, CORTHRON, et al.

Where by a deed of trust goods in a store are conveyed, but the possession is left with the grantor, who is permitted to go on and sell, such possession is only *prima facie* evidence of fraud.

## ERROR to St. Louis Court of Common Pleas.

### Statement of the Case.

This was an action of debt brought in the St. Louis Court of Common Pleas, by Milburn, the plaintiff in error, against Waugh & Corthron, and their sureties, on a bond executed under the provisions of the 25th sec. of the statute relating to executions. (Rev. Co. 1845, p. 480.)

The defendants appeared in the court below, and pleaded two pleas, consisting of denials of the several allegations of the declaration. As no question was made on the pleadings in the court below, it is deemed unnecessary to set out these pleas here.

On the trial before the jury, the plaintiff read the bond declared on, and which was in the common form, reciting in the condition, that Milburn the plaintiff, who was sheriff of St. Louis county, had, on the 21st day of July, 1845, levied an execution in favor of Waugh & Corthron, against Charles A. Genestelle, on certain goods and chattels, which were claimed by John F. Darby as trustee of Alexander Lesueur, that a trial of the right of property was had before a jury, who found a verdict in favor of the claimant, that Waugh & Corthron directed the sheriff to sell said goods and chattels, notwithstanding such finding, and the bond was conditioned to indemnify the sheriff and claimant according to the statute. The plaintiff then read the execution in favor of Waugh & Corthron, and papers attached to it, showing the claim of property by Darby, and the finding of the jury in his favor. As no question was made on this part of the case, no further detail of these papers is deemed necessary. The plaintiff then read in evidence a deed of trust made by Charles A. Genestelle to John F. Darby, dated the 6th day of April, 1844. It purports to convey a stock of goods contained in a schedule annexed to the deed, and was to be void on payment of nine notes made by Genestelle to Alexander Lesueur, for the following sums: $300, $500, $500, $500, $500, $500, $500, $500, $800, payable respectively on the first day of June, August, November, February, April, June, July, August, September, succeeding. The deed contains this provision: "It being well understood between the parties, that said Genestelle is to retain possession of said goods until default shall be made in the payment of said promissory notes; and in case either or any one of said promissory notes shall be in arrear and unpaid, it shall and may be lawful to and for said Darby to take possession of said goods, chattels and merchandize, hereinbefore mentioned, or any goods, chattels and merchandize which said Genestelle may have in his store, when said notes become due and remain in arrear and unpaid, and to sell the same at public auction," &c. The schedule annexed to the deed, contains a particular inventory of merchandise, with prices annexed, amounting in the aggregate to $5100. The deed purports to have been acknowledged on the 8th April, 1844, and to have been filed for record in the Recorder's office of St. Louis county, on the 10th April, 1844. The plaintiff then proved and read in evidence five of the notes mentioned in the deed, being the *five* last becoming payable. The first of these appeared by endorsement to be paid in full, partly by Genestelle, and the balance by Darby, the trustee, on the 23rd Sept. 1846. The second had an endorsement of a payment of $79 14, by Darby, trustee, 23rd Sept. 1846. The three last had no endorsements of payment. There appeared to be due on the whole $2,220 86, besides interest. The plaintiff then offered William Milburn, the nominal party, as a witness. The defendant ob-

jected on the ground that he was party to the record, and interested in the result. The court excluded the witness, and the plaintiff excepted. The plaintiff then introduced evidence tending to show that Lessuer, at the date of the trust deed, was possessed of a stock of goods, which he sold to Genestelle at cost, amounting to $5,100. Genestelle paid $400 down, and gave his notes for the balance. To secure the notes the trust deed was given on the goods sold. Genestelle took the goods, and with the assent of Lessuer, carried on the business of a retail merchant at St. Louis, in his own name and on his own account, selling the goods in the usual course of business from day to day, until the levy of Waugh & Corthron's execution. He had in the meanwhile removed into a new store, and purchased large additions to his stock from time to time. The whole stock, old and new, was seized by the sheriff on Waugh & Corthron's execution. After the trial of the right of property, a clerk who was well acquainted with the stock, separated the goods bought of Lessuer from those subsequently bought, putting each parcel by itself. This was done at the request of Waugh, one of the defendants. The clerk who made this division was examined, and deposed that he was well acquainted with the stock, and the division was just.

The goods subsequently bought were first sold by the sheriff, and then a considerable part of the others. The precise value of the last mentioned goods did not appear, but the evidence tended to prove them worth more than $500. It also appeared that Genestelle bought Lesueur's stock for the purpose of carrying on the business of a retail merchant. His name was over the door of the store, he was ostensible proprietor, and Darby never had any possession of any of the goods until after the seizure by the sheriff.

The defendants then offered the powers of attorney and judgment by confession in the case of Waugh & Corthron vs. Genestelle. The plaintiff objected that this judgment on its face was a nullity. It was admitted by the court, and the plaintiff excepted. The imputed defect in this judgment is particularly pointed out in the case of Genestelle vs. Waugh & Corthron, pending in this court.

Such was the evidence before the jury.

The defendant then moved for, and the court below gave this instruction, to the jury: "If the jury believe that the goods covered by the deed read in evidence by the plaintiff, were suffered to remain in the possession of Genestelle, with permission to him to sell and dispose of them in the regular course of his trade as a retail merchant, and that the sheriff seized them by virtue of an execution in favor of Waugh & Corthron, who were judgment creditors of said Genestelle, the plaintiffs cannot recover in this action."

The plaintiff excepted to this instruction.

The plaintiff then asked a series of instructions, the purport of which was to declare the judgment in favor of Waugh & Corthron ineffectual and void, and to submit the fairness and good faith of the deed of trust to the jury. These were all overruled, and plaintiff excepted. The plaintiff then became nonsuit, and made his motion to set it aside, for the errors on trial. This was overruled and he excepted.

The case is now in this court by writ of error.

DARBY & R. M. FIELD, *for Plaintiff in Error, contend:*

I. That the court below erred in excluding Milburn, the nominal party, as a witness:

For he has not the slightest interest in the result of the suit, which was prosecuted for the benefit of Derby, who is named as the substantial plaintiff on the record; and the necessity of suing on the bond in the name of Milburn, is imposed by the statute. It cannot be supposed that the Legislature, in devising this form of remedy, intended to deprive the real party of his evidence.

In Pennsylvania, it has been decided that a nominal plaintiff, who has assigned his interest in an obligation, is a competent witness in a suit against the obligor. 9 S. & R. 20; 2 Brown's Rep. 171.

The reason of the rule is, that in Pennsylvania there are no courts of equity, and consequently the assignee is *compelled* to sue in the name of the assignor.

In McNutt vs. Bland, (2 How. Rep. 9,) the Supreme Court decided that the United States Courts had jurisdiction in the case of a suit in the name of the Governor, on an office bond, on the ground that the Governor was a "mere naked trustee for the party injured." "He is a mere conduit, through whom the law affords a remedy to the party injured." "The real, and the only plaintiffs, are the plaintiffs in the execution, who have a legal right to make the bond available for their indemnity." The same point had been previously determined by the same Court, in Brown vs. Strode, 5 Cranch, 303.

Nor was Milburn liable for costs. Rev. Co. 1845, tit. Costs, sec. 21.

II. There was error in the instruction given to the jury, on motion of defendant.

The old doctrine of *fraud in law,* asserted in that instruction, is understood to have been exploded by this court in Shepherd vs. Trigg, 7 Mo. Rep. 151. And again in Ross vs. Crutzinger, 7 Mo. Rep. 245. In King vs. Bailey, the matter is treated by the court as put at rest by the preceding cases. 8 Mo. Rep. 332.

The rule understood to be established in these cases is, that the facts and circumstances attending the sale or mortgage, must all be submitted to the jury, who must determine on the whole, whether the transaction is fair or fraudulent. This rule has since received the sanction of the Legislature. Rev. Stat. 1845, title, Fraudulent Convs., § 10.

But the court below, in its instruction, told the jury that the possession by the mortgagor, and selling in the course of business, was not open to explanation, and that the mortgage was avoided.

The circumstances which probably would have been decisive with the jury to prove the fairness of the transaction, if the matter had been left to them, are these:

1st. The goods contained in the schedule of the mortgage, are the identical goods sold to the mortgagor, and which constituted the mortgage debt.

2nd. The purchase was made with a view to continue the retail trade. Possession and selling by Genestelle, was therefore consistent with the deed, and indeed an essential part of the arrangement.

3rd. Four of the mortgage notes appear to have been paid by Genestelle, and a part of the fifth. Any fair-minded jury would have inferred that these payments were made out of the proceeds of the sale of the goods.

4th. The mortgage was acknowledged and recorded. This, as a legal solemnity, would not add to the effect of the conveyance, but it ought to have great weight with a jury on the question of fraud; for as secrecy is a badge of fraud, publicness is a mark of honesty.

Great stress in the court below was placed on the permission given to Genestelle to sell the goods, and in this respect it was thought the case was distinguishable from those heretofore decided by this court. It is believed the same circumstances existed in the case of Ross vs. Crntzinger, for the report shows that the mortgage covered goods in a grocery store, and that this circumstance does not occupy more prominence in the report, is probably owing to the opinion entertained that it was unimportant.

That the power of selling reserved by a mortgagor, does not vitiate a mortgage, appears from the following cases:

A stipulation that mortgagor may remain in possession, and continue his business by selling the mortgaged property, does not invalidate the mortgage. Brinley vs. Spring, 7 Greenleaf, 241. Nor a stipulation that mortgagor may sell and account for proceeds. Melody vs. Chandler, 3 Fairf. 282.

A provision that mortgagor may continue in possession and sell the mortgaged stock in the usual course of business, *and apply the proceeds to his own use,* is not necessarily fraudulent. Bridge vs. Parkenan, 2 Met. 258. The same point was decided in Jones vs. Huggeford, 3 Met. 515. Neither the continuing possession of the goods mortgaged, *nor even a sale of a portion of them,* after the execution of the mortgage by the mortgagor, with the assent of the mortgagee, is

conclusive evidence of fraud, rendering the mortgage void as to creditors; but is at most evidence of fraud, proper to be submitted to the consideration of the jury.

The plaintiff in error also insists, that the mortgage is effectual to bind the after acquired stock. That such a mortgage is good between the parties is conceded.

That it is good as to creditors, seems to be in effect decided by Judge Story. And by the Supreme Court of Massachusetts, in Macauber vs. Parker, 14 Pick. 497; 4th Mason, 515.

III. The court erred in deciding that the judgment by confession was valid. Plaintiff in error insists that it was a nullity, and that Waugh & Corthron were not judgment creditors, they were without any justification for taking the goods.

GEYER, *for Defendants in error.*

1. The deed under which John F. Darby claimed the goods sold under the execution, by its terms provides that the grantor, defendant in the execution, should take and hold the possession, sell and dispose of the goods as his own property, and apply the proceeds to his own use. The grantee never had, nor was it intended he should have, the possession. As against the creditors of the grantee, therefore, as well as against purchasers from him, the deed is void, both by statute and common law. By statute, because it is a conveyance of goods and chattels to the use of the maker, and therefore void as "against creditors existing, and subsequent, and purchasers." Rev. Co. 1835, p. 283. Hyslop vs. Clark, 14 Johns. Rep. 458. Austin vs. Bell, 20 do. 442. Even on a general assignment for the benefit of creditors, a conveyance most favored, the introduction of such limitations as reserved to the debtor a control of the property, and enable him to defeat the conveyance, renders the assignment fraudulent and void, both at common law and by statute. Whaller vs. Scott, 10 Watts, 237, 244. So of every reservation to the use of the grantee or any person not a creditor. Mackey vs. Cairns, 5 Cowen, 549; Jackson vs. Parker, Ib. 73, 86; Goodrich vs. Darnes, 6 Hill N. Y., 438, 440; Shaffer vs. Watkins, 7 Watts & S. 219, 227; Byrd vs. Bradley, 2 B. Monroe, 239. Although the possession of the grantee, if consistent with the deed, is not fraudulent, yet if the property be of a kind which is consumed by the use of it, then the debtor's continuing in the use is evidence, almost conclusive, of fraud. Darwin vs. Hundly, 3 Yerger, 502, and if the use be retained by a stipulation in the deed, the conveyance is absolutely void. Somerville vs. Hester, 4 Ib. 541; Manney vs. Kelling, 7 Ib. 440; Simpson vs. Mitchell, 8 Ib. 419; Richmond vs. Cardul, Meigs 581; Trabue vs. Willis, Ib. 583; and even in the case of a mortgage of chattels perishable in their nature, or of any articles under an agreement in or out of the deed, that they are to be used and consumed by the mortgagor, is fraudulent against creditors. Robbins vs. Parker, 3 Metcalf 117; 1st Smith's Leading cases, 57, 58.

In this case there is no dispute about the facts, and it was the duty of the court to pronounce the deed void. Sturtevant vs. Ballard, 9 John. Rep. 337; Coban vs. Pickering, 3 N. H. R. 415; Paul vs. Crook, 8 Ib. 283; Page vs. Carpenter, 10 Ib. 77. There was no attempt to show any good reason for the stipulation in the deed reserving the control of the goods in the grantor, if indeed it were possible to alledge any reason consistent with law. The plaintiff is therefore without merits, and cannot complain of the refusal of the court to set aside the non-suit.

2. A party to the record is not, in any case, a competent witness, and the plaintiff Milburn was therefore rightfully excluded, even if he be merely nominal. But the statement in the declaration, that the suit is for the use of another, is not conclusive of the fact. The right of Darby to the avails of the suit would remain to be established, notwithstanding the assertion in the declaration.

3. The judgment on which the execution was issued, was neither erroneous or irregular, nor was the court competent to inquire in this action into the propriety or regularity of the judgment; until reversed or set aside, it was sufficient to support the execution if support was necessary. Nor could even an irregularity in the execution itself be taken advantage of in a collateral action.

McBRIDE, J., *delivered the opinion of the Court.*

During the progress of the trial, Darby, for whose use the suit was brought, asked to have Milburn, the nominal plaintiff, sworn as a witness in the cause, but the court rejected his application, and he excepted. In his motion to set aside the non-suit, he does not assign this as a cause, we therefore conclude he has abandoned his exception to the action of the court, on this point.

The next objection presented, is to the admission in evidence of certain judgments in the case of Waugh & Corthron vs. Genestelle. The objection to these judgments is, that there were three separate notes, and a power of attorney to confess judgment on each, and the judgment confessed was a joint one, for the aggregate amount of the three notes, and not a several judgment for the amount of each note. At most, this would only be an irregularity, working no injury to any one, and to which no one except the defendant himself could object.

The next question grows out of the assumption of the court, in the instruction given to the jury, at the instance of the defendant, that the possession of the property remaining in Genestelle, with permission for him to sell the same, as a retail merchant, was a fraud *per se.* Some of the earlier decisions of this court, (1 Mo. Rep. 569; 2 Ib. 231; 3 Ib. 290; 6 Ib. 576,) appear to sustain the foregoing principle; but the case of Shepherd vs. Trigg, 7 Mo. Rep. 151; Ross vs. Crutsinger, page 245; and King vs. Bailey, 8 Mo. Rep. 332, recognize a different principle. In the case of Shepherd vs. Trigg, the former decisions are reviewed, and where the facts would appear to warrant, the court have presumed that the decision was upon the peculiar circumstances of the case as developed in the testimony; but in the absence of any other cause for the decision, this Court felt itself constrained to overrule the cases. The rule now established by this Court is, that the possession remaining with the individual who professes to have parted with the legal title, is *prima facie* evidence of fraud only.

The Court then erred in the instruction given, and its judgment ought, for that reason, to be reversed; and the other Judges concurring, the same is reversed, and the cause remanded.