SAMUEL B. BUCKLEY, Plaintiff in Error, *v.* EDWIN D. LAMPETT, Defendant in Error.

### ERROR TO TAZEWELL.

A mortgagee under a chattel mortgage who endeavors to take possession of the property mortgaged on the next day after default in payment, and continues his efforts till he is successful, is not chargeable with laches.

THE facts of this case are stated in the opinion.

JAMES ROBERTS, and S. D. PUTERBAUGH, for Plaintiff in Error.

B. S. PRETTYMAN, and H. M. AND J. J. WEAD, for Defendant in Error.

CATON, C. J. It is difficult to see how the court could have found differently, from the evidence as exhibited in this record. The chattel mortgage matured on the first of January, and was not paid. On the next day, the mortgagee went to the premises of the mortgagor, to take possession of the mortgaged property. He learned that it had been driven into the country, and he could not get it. On the next day early, he again went for the property and got it, and regularly sold the property on the mortgage, and under that sale the plaintiff claims title. On the twentieth of January, the defendant caused his execution against the mortgagor to be levied on the property in the hands of the plaintiff. And the only question is, whether the mortgagor lost his lien under the mortgage by unreasonable delay in taking possession of the property after the mortgage was forfeited. Waiving the question, whether the lien would not be saved if the mortgagee takes possession at any time before the levy of the execution against the mortgagor, in this case we have no

hesitation in saying that the mortgagee was guilty of no laches in taking possession under the mortgage. On the very next day after the note fell due, he endeavored to, and did all he could to get the possession, and on the day following, renewed his efforts, and succeeded in getting it. It is difficult to say what more he could have done. The mortgagor had the whole of the first of January to pay the debt in. The mortgagee was not entitled to the possession till the next day, when he used all reasonable efforts to get it, and repeated his efforts till he did get it, on the third. This was all the law required. The judgment must be affirmed.

· *Judgment affirmed.*