## Case No. 4,922.

### In re FORBES.

[5 Biss. 510.] [1]

District Court, N. D. Illinois. Jan., 1874.

D. S. Pride, for assignee.
Dent & Black, for mortgagee.

BLODGETT, District Judge. A question is raised in this case by way of appeal from the finding of J. A. Crain, register, in regard to a claim made by Joseph A. Hodges. It appears from the proof in the case that on the 2d of December, 1871. said bankrupt. Wil-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

liam D. Forbes, was engaged in business as a merchant in Lee county, in this state, having in his store a small stock of goods; that he borrowed of one Little $1,000, for which he gave his note, due in 90 days, with said Hodges as security. And to indemnify him against loss on said note, Forbes gave Hodges a chattel mortgage on his said stock of goods, said mortgage containing the following clause: "Provided, also, that said William D. Forbes may retain the possession of and have the use of said goods and chattels until the day of payment aforesaid, rendering a true account of all sales, having the privilege of continuing the trade and sales and applying the proceeds to payment of said note according to the direction of said party of the second part and understanding of the parties hereto." And Forbes continued to sell goods from his said stock and purchasing others until about the 15th of March, 1872, when Anderson became a partner to the extent of a quarter interest in said business with Forbes, after which Forbes and Anderson purchased goods, used in their said business, for which they contracted debts to an amount exceeding $3,300, which were unpaid at the time they were adjudicated bankrupts. Default was made by Forbes in the payment of the note to Little, and on the 23d of May, 1872, Hodges paid said note, and on that or the next day he took possession of the stock of goods in the store of Forbes & Anderson by virtue, as he claimed, of his said chattel mortgage. Within a day or two after so taking possession, Forbes & Anderson gave to Hodges and Hiram Anderson a bill of sale of said stock of goods with the agreement that they were to sell the same and out of the net proceeds pay the debt due from Forbes to Hodges and a debt of about the same amount due from Andrew J. Anderson to said Hiram Anderson. In pursuance of said agreement Hodges proceeded to keep open the store and sell said goods in the due course of business until about the time the bankruptcy proceedings were commenced against Forbes & Anderson, when he closed the store and subsequently delivered the unsold goods to the assignee of Forbes & Anderson. The money received by Hodges for goods sold by him and outstanding accounts collected amounted to $723.72, and he sold goods on credit to the amount of $119.73, which is still due and unpaid to him. Hodges claims that his expenses in making said sales amounted to $283.50, leaving in his hands $440.23, and yet to be collected $119.73. He now seeks to prove his debt against the estate of Forbes & Anderson for the amount paid on the Little note, and offers to set off and apply the amount so received for the goods sold by him. And the question is, can he be permitted to do so?

Chattel mortgages containing clauses authorizing the mortgagor to sell the property mortgaged have been held void by the supreme court of this state in numerous cases.

Davis v. Ranson, 18 Ill. 396; Barnet v. Fergus, 51 Ill. 352.

So, too, it has been repeatedly held that delay on the part of the mortgagee in taking possession after condition broken is fatal to his rights as against creditors or purchasers. Reed v. Eames, 19 Ill. 594; Buckley v. Lampett, 24 Ill. 604; Barbour v. White, 37 Ill. 164.

The note which Hodges signed fell due on the 2d of March, 1872, and no attempt was made to take possession under the mortgage until about the 23d of May, although the condition was that the mortgagor should pay it at maturity.

This chattel mortgage was then void as against the creditors of Forbes & Anderson for the two reasons above assigned at the time Hodges took possession, and he can claim no rights under it as against the creditors of the firm. The goods mortgaged cannot be identified or separated from the goods of the firm, and the large indebtedness of the firm has been contracted upon the credit given by the possession of these goods. The bill of sale given to Hodges and Hiram Anderson, after Hodges took possession of the stock, cannot be held to supplement or help out the defects of the mortgage because it was manifestly fraudulent as against the creditors of the firm, it being clearly an attempt to prefer Hodges and Hiram Anderson, who were creditors of the individual members of the firm.

The register refused to allow the claim of Hodges as a debt against the firm and also refused to allow the retention of the $440.23 by Hodges.

I think the register was clearly right on both points; and the order of the court should be that the claim of Hodges against the estate of the firm should be expunged, and leave given him to prove it against the individual estate of Forbes.

So far as the money in his hands is concerned it is sufficient to say that this court can render no judgment or decree directing its payment to the assignee, but such payment must be enforced by suit if not paid voluntarily.

As the parties may, however, wish some instruction from the court as to the basis of a settlement of this claim, I will say that I think the assignee may properly allow a reasonable sum to Hodges for the care and selling of said goods, to be determined by inquiring into the facts. So far there is no allegation of bad faith against Hodges in the management of the goods or any charge that he failed to account for those he did not sell. Some expenditures by some one would be necessary to sell the goods, and if those charged by Hodges are reasonable they should be allowed if he has properly accounted for all the goods had by him.