KIRK v. The OSSEO. See Cases Nos. 10,607 and 10,608.

---

## Case No. 7,839.

### In re KIRKBRIDE.

[5 Dill. 116.] [1]

Circuit Court, E. D. Missouri. 1878.

CHATTEL MORTGAGES—EFFECT OF POWER OF SALE RETAINED BY MORTGAGOR—VOID IN PART, NOT NECESSARILY VOID IN TOTO—CONSTRUCTION OF MISSOURI STATUTE BY STATE COURT FOLLOWED.

Under the legislation of Missouri, as construed by the supreme court of the state, a recorded mortgage upon merchandise and fixtures, free from actual fraud, where there is an implied power in the mortgagor to sell the merchandise in the usual manner, but no such power as respects the fixtures, is void as to creditors so far as relates to the merchandise, but valid as to the fixtures.

[Cited in Re Werner, Case No. 17,416.]

[Cited in Wilson v. Voight (Colo. Sup.) 13 Pac. 729; Hayes v. Westcott (Ala.) 8 South. 338; Rocheleau v. Boyle (Mont.) 28 Pac. 879.]

[Appeal from the district court of the United States for the Eastern district of Missouri.]

The bankrupt, a retail druggist, made a chattel mortgage upon his stock of drugs and the fixtures in the store to secure the purchase money of the establishment. It was duly executed, acknowledged, and recorded. The grantor remained in possession, making sales from the stock in trade in the usual manner by retail. The mortgage was silent as to his power to do this, but no objection was made to his doing so by the trustees or the beneficiary. As between the assignee in bankruptcy and the beneficiary in the mortgage, the question is presented whether the mortgage is a valid lien as against the fixtures, no claim being made that it is valid as respects the stock in trade.

William P. Wade, for assignee.

Noble & Orrick, for mortgagee.

DILLON, Circuit Judge. It is by statute (section 1 of the statute on fraudulent convey-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

ances, quoted in Re Werner [Case No. 17,416]), as construed by the supreme court of the state, the law of Missouri that a conveyance of personal property to secure creditors when the grantor, by the understanding of the parties, expressed or implied, is to remain in possession of the property, with a power of sale, is void upon a principle of public policy embodied in the state, irrespective of any question of actual and intended fraud. The rules rest, says Napton, J., upon this principle of public policy, and not because the law pronounces such a conveyance with power of disposition "conclusive of actual fraud." State v. Tasker, 31 Mo. 445; State v. D'Oench, Id. 453.

The conveyance in the present case is free from any actual fraud. It embraces two classes of property—stock in trade of a druggist, and the fixtures of the establishment. No express power of disposition in the grantor was reserved in the deed, but the trustees and beneficiary permitted the grantor to sell from the stock in trade in the usual manner—that is, they knew that he was doing so, and did not object thereto. But the grantor never attempted to sell the fixtures, and claimed no right to do so. The question is whether, since the conveyance would, as to creditors, be void as to the merchandise, by reason of the power of disposition which it may be inferred it was understood should be retained by the grantor, it is therefore void as to the fixtures, which it is equally clear it was understood should not be sold by the grantor. It is claimed that if the instrument is void in part, it is for that reason necessarily void in toto. Outside of Missouri, the decisions on the point (perhaps somewhat influenced by peculiar statutory provisions) are conflicting. That such a deed, if void in part, is void altogether, is asserted in the following cases. Russell v. Winne, 37 N. Y. 591; In re Burrows [Case No. 2,204]; Horton v. Williams, 21 Minn. 187. But in the following cases the contrary is held: Barnet v. Fergus, 51 Ill. 352; In re Kahley [Case No. 7,593].

I have carefully examined the following cases, decided by the supreme court of Missouri, touching this point. State v. Tasker, 31 Mo. 445; State v. D'Oench, Id. 453; and Stanley v. Bunce, 27 Mo. 269, as explained in its facts by Napton, J., in State v. Tasker, 31 Mo. 448; and Howell v. Bell, 29 Mo. 137, as also explained in State v. Tasker, 31 Mo. 449. I am entirely satisfied that these cases show that when the conveyance is not actually fraudulent, and where the power of disposition is retained as to part of the property, and as to part it is not retained, it is constructively fraudulent only as to that portion of the property as to which the power of disposition exists. In this case the mortgage was recorded, and presents no question as to the rights of creditors in cases where no record of the instrument was made, as contemplated by other sections of the stat-

ute concerning fraudulent conveyances. It is the duty of this court to follow the construction which has been put upon the statute by the supreme court of Missouri. Affirmed.

See In re Werner [Case No. 17,416].