DONNELL v. BYERN *et al.*, *Appellants.*

**A Mortgage void in part only.** A mortgage covering the fixtures and furniture of a drug store and also the stock of drugs, will not be held void as to the fixtures and furniture, because as to the stock of drugs it is invalidated by the fact that the mortgageor, with the consent of the mortgagee, remained in possession and continued his usual business of selling the drugs. (Following *State to use, &c., v. Tasker*, 31 Mo. 445; *State to use, &c., v. D'Oench*, 31 Mo. 453.)

*Appeal from Moniteau Circuit Court.*—HON. G. W. MILLER, Judge.

*Moore & Williams* for appellants.

*Edmund Burke* for respondents.

NORTON, J.—This is a proceeding instituted in the Moniteau circuit court by plaintiffs, creditors of defendant Byern, to set aside as fraudulent a certain mortgage, executed by said Byern to defendants, Dollinger and Conrad, conveying to them all the furniture in a certain store house in the city of California, consisting of counters, shelving, show cases, glass jars and other fixtures, and, also, a general stock of drugs, medicines, paints, &c., in said building. The mortgage was duly executed, acknowledged and recorded, and is assailed by plaintiff on the ground that it was fraudulent and void as to creditors. The mortgage on its face shows that Byern, the mortgageor, was to remain in possession and control of the store as before its execution, till the maturity of a note for $270, which it was given to secure—the mortgage being dated October 26th, 1874, the note bearing the same date, and maturing the 1st day of January, 1875. There was evidence on the trial tending to show that it was the agreement and understanding that Byern was to continue his business in said store of selling the drugs and medicines mortgaged as usual. During the progress of the trial various exceptions were taken to the action of the court, the most material of which relate to

its action in giving and refusing instructions, in respect to which we have discovered error in the refusal by the court to give the following declaration asked by defendant: "Even though the jury should believe from the evidence that after giving the mortgage referred to, defendant Byern remained in possession of the store and continued his usual business of selling the drugs and medicines therein, yet this fact, if established, will not render the mortgage void as to fixtures and furniture." Under the authority of the following cases, the above instruction ought to have been given. *State to use of Voullaire v. Tasker*, 31 Mo. 445; *Voorhis v. Langsdorf*, 31 Mo. 451; *State to use, &c., v. D'Oench*, 31 Mo. 453. Upon a re-trial of the cause the seventh instruction given for plaintiff should be modified to conform to the views above expressed. With the exception here noted, the question of fraud was fairly submitted to the jury. Judgment reversed and cause remanded, in which all concur.

REVERSED.