Casey, P. J. This was an action of trover begun in the Circuit Court of Madison county by appellee against appellants. Upon a trial in that court a judgment was rendered in favor of the plaintiff for the sum of $3,557. On the trial of the cause it appeared that one Charles H. .Pabst, a merchant doing business in Collinsville in said county, on the 16th day of November, 1883, made, acknowledged and delivered to appellee a chattel mortgage on his ■stock-of drygoods, then in store, and all those which may be exchanged in all and singular, and those which are replaced in their stead, in the ordinary pursuance of said merchandising ■business of like and singular nature and value, provided that the said stock of merchandise shall not be permitted to be reduced in value less than $5,000, marketable value, unless the money realized by such sales shall he applied toward the payment of said notes hereinafter described. The mortgage was given to appellee to secure him from loss as the security of the said Pabst on two promissory notes ■one payable to Horeph Johnson, dated January 23, 1882, two years after date, for the sum of $2,600, and one payable to Isaac Cook, dated January 23, 1882, due two years after date, for the sum of $700, with 8 percent, interest until paid. The mortgage contained the usual agreement in case of default and also this provision: “ But in case the said goods shall be taken out of his possession by any other person or persons, by legal process or otherwise, or .if he shall sell or otherwise part with the same, except in the way of merchandising and replacing the same in like nature and value * * the mortgagee shall be entitled to the immediate possession of the same.” The mortgage was recorded on the 17th of November, 1873. ■ On the 28th of December, 1883, the mortgagor, Pabst, made an assignment undei the statute for the benefit of creditors, of the goods mentis, ed in the mortgage, to appellant, Yager, who on the same day took open and actual possession of the same. The mortgagee paid the two notes upon which he was security as they became due. On the 31st day of January, Yager, the assignee, sold the goods in question to appellant, John T. Hoeltman, for the sum of $13,600. On the day after the sale a demand for the goods was made by the mortgagee, and this suit was brought on the 5th day of February, 1884. The question is as to the legality and effect of the mortgage. If the mortgage was a nullity, then this action can not be sustained. It will be remembered that the mortgage on its face provides that the mortgagor may sell and dispose of the goods in question in the ordinary course of business. The statute provides that no mortgage of personal property shall be valid as against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor. In the case of Davis v. Ransom, 18 Ill. 396, the first case we have been able to find in the reports of the Supreme Court of this State in which this question arose, the mortgage was very like the one in the case at bar. It provided that the mortgagor might retain the possession of the goods and merchandise and sell them in the usual course of trade. In that case the Supreme Court, after referring to the provisions of the statute which on this question were the same then as now, say: 11 It is plain that the statute contemplates -retaining of possession, by the mortgagor, of chattels capable of description and identification only, and the retaining of such possession for use and custody, and not for sale and disposition in the course of business and trade; the possession to remain with the mortgagor. A sale to a third person is prohibited.” This instrument does not provide for possession remaining with the mortgagor within the meaning of the statute, but seeks under cover of a mortgage to enable the mortgagor, in defiance of his creditors, to retail goods according to the course ' O O of merchants, and is against the evident policy of the statute. The law gives no sanction to such arrangements and will hold them void as to creditors as tending to encourage and sustain frauds. In the case of Read v. Wilson, 22 Ill. 377, the mortgage provides that the mortgagors should have possession of the property mortgaged, and use and enjoy the same according to the course of their usual retail trade. Of this mortgage the court says: “ The clause allowing the mortgagor to retain possession is inadequate to the purpose, and so far as it was designed to effect that purpose it was fraudulent and void as to subsequent purchasers and creditors. The mortgage is treated the same as if it did not contain any clause authorizing the mortgagor to retain possession of the property.” Burrell v. Fergus et al., 51 Ill. 352; Grooseheart v. Johnson, 88 Ill. 58; Greenebanm v. Wheeler, 90 Ill. 276; Dunning et al. v. Mead, 90 Ill. 376. In the latter case the court say, in substance, “ a chattel mortgage on a stock of goods which authorizes the mortgagor to retain possession and carry on his business by selling and buying goods, is void as to creditors and purchasers of the mortgagor.” From these authorities we arrive at the conclusion that the mortgage in the case before us was absolutely void as to “ third persons” and that whether the sale was by the mortgagor himself or by his assignee, the purchaser obtained a good title, so far as respects the mortgage. That it was void and not a lien or incumbrance as provided by the statute of which he was required to take notice. For these reasons the judgment of the circuit court is reversed and the cause remanded. Reversed and remanded.