WENDELE HUSCHLE

v.

HARRY MORRIS ET AL.

*Replevin—Chattel Mortgage—Void in Part—Attachment—Instructions.*

1.   A chattel mortgage may be void as to a part of the mortgaged property, and valid as to the residue.

2.   A mortgage on chattels, including a stock of goods from which the mortgagor continues to sell, is void as to such stock.

[Opinion filed October 19, 1888.]

APPEAL from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

George H. Ricker purchased a stock of goods on credit and executed notes therefor, on which notes appellant became surety.   Ricker also became indebted to appellant for merchandise and cash loaned.   One of the notes on which appellant was surety became due and was paid by appellant.   Ricker executed his note to appellant, due two years after date, for the sum of $1,000.   That note covered not only cash advanced, merchandise furnished and money paid, but was intended to cover the liability of appellant on notes not yet due.   To secure that note Ricker executed a chattel mortgage on the stock of goods, and on one bay and one black horse, one top-buggy and one delivery wagon.   By the terms of the mortgage the mortgagor was to remain in possession of the mortgaged property.   While so in possession he continued to sell goods at retail, and replenish the stock from time to time.

Certain parties obtained judgments by attachments against Ricker, and the property in the mortgage described attached, and judgments with order for special executions, which went into the hands of defendant, as constable, prior to the suing out of this writ of replevin.   Huschle, mortgagee, sued out this writ of replevin after demand made, and on trial of

that case the foregoing facts were shown by plaintiff, appellant, whereupon the court gave the following instruction :

" The court instructs the jury to find the property in controversy to have been the property of George H. Ricker at the time of the levy of the writs of attachment, and find the issues for defendant." Verdict and judgment accordingly. The error assigned is the giving of this instruction.

Mr. WILLIAM P. LAUNTZ, for appellant.

There can be no question but that the court erred in taking the case from the jury by an instruction. Appellant believed the evidence sufficient to establish his right of recovery. If he was mistaken, can there be any question but that the evidence at least tended to prove the issue ? I think not. If it did, the demurrer, or the instruction, which is in effect the same, should have been refused, and this case will, for that reason, I believe, have to be reversed and remanded. The rule is settled in this State that a court is not justified in instructing the jury that any alleged fact has not been proved, when there is any evidence, however slight, tending to establish it. Stevens v. Snyder, 8 Ill. App. 362; C. B. & Q. R. R. Co. v. Sykes, 96 Ill. 162; Protection Life Ins. Co. v. Dill, 91 Ill. 174. Counsel on the other side may say plaintiff's case, as sought to be made out, estops a recovery by him, as his mortgage is *prima facie* a fraud on creditors and its introduction establishes affirmatively such fact. I can not agree with him for the reasons already given, and further, that fraud against creditors in a conveyance of the debtor's property can not be presumed, but must be proved. Hatch v. Jordan, 74 Ill. 414.

Messrs. ROBERT A. HALBERT, and FLANNIGAN & RAFTER for appellees.

The mortgage in this case was fraudulent and void as a matter of law. And where there is license to sell, whether such provision is disclosed by the mortgage or outside of it, as a matter of law the mortgage is void. Davis v. Ransom, 18 Ill. 396; Greenbaum v. Wheeler, 90 Ill. 296; Dunning v.

Mead, 90 Ill. 376; Robinson v. Elliott, 22 Wall, 513; Place v. Langworthy, 13 Wis. 629; Steinart v. Deuster, 23 Wis. 136; Blakeslee v. Rossman, 43 Wis. 116; Horton v. Williams, 21 Minn. 187; Mann v. Flower, 25 Minn. 500; Collins v. Myers, 16 Ohio, 547; Putnam v. Osgood, 51 N. H. 192; S. C., 52 N. H. 148; Wood v. Lowry, 3 Wend. 348; Edgell v. Hart, 9 N. Y. 123; Southard v. Benner, 72 N. Y. 424; National Bank v. Ebbert, 9 Heisk. 155; McCrossly v. Hasslock, 4 Baxter, 735; Phelps v. Murray, 2 Tenn. Ch. 746; Harman v. Hoskins, 56 Miss. 152; Bank v. Goodrich 3 Colo. 139; Orton v. Orton, 7 Oregon, 478; Bremer v. Fleckenstein, 9 Oregon, 52; Kuhn v. Mack, 4 W. Va. 186; Gardner v. Johnson, 9 W. Va. 403; Mobley v. Letts, 61 Ind. 11; White v. Graves, 68 Mo. 218; Lang v. Lee, 3 Rand. 410; Addington v. Etheridge, 12 Gratt. 436.

It has been held by very high authority that a mortgage of chattels which is void as to part of the chattels covered by it, as being given to hinder, delay and defraud creditors, is void as to the whole, and that a fraudulent intent as to a part of the instrument vitiates the whole. Russell v. Winne, 37 N. Y. 591. The same rule is laid down in Harman v. Hoskins, 56 Miss. 142; Horton v. Williams, 21 Minn. 187.

A mortgage which contravenes the insolvent laws as to some portion of the debt secured is wholly void. Denny v. Gray, 2 Cush. 160.

And a mortgage made to secure promissory notes, a part of the consideration of which is spirituous liquors sold in violation of law, is wholly void. Brigham v. Potter, 14 Gray, 522.

PHILLIPS, J. In this mortgage was included a stock of goods which the mortgagor continued to sell at retail. There was also included in the mortgage two horses, one buggy and one wagon. It does not follow that the mortgage became fraudulent and void as to the horses and wagon because it may have become so as to the stock of goods, by reason of the mortgagor being permitted to sell that stock of goods at retail.

The opinion of the Supreme Court in Barnet v. Fergus et al., 51 Ill. 352, is conclusive of this case. The court erred in giving the instruction, and the judgment must be reversed and cause remanded.

*Reversed and remanded.*