## Phelps, Dodge & Palmer Co. et al. v. Charles S. Hopkinson et al.

1. FRAUD—*Leniency Toward a Creditor is Not.*—Indulgence by a creditor to his debtor should not, as a general rule, be construed into an act of fraud on the part of such creditor.

2. CONSIDERATION—*Emancipated Minor—Services for His Father.*—Where a minor's time is given to him and he works for his father, he may recover for his wages, and such services constitute a sufficient consideration for a promissory note.

3. SAME—*In Part Fictitious—When Equity Will Declare Void.*—Equity will declare an entire note void where it is given in part for a fictitious consideration, only when it is given with fraudulent intentions as against creditors.

**Creditor's Bill.**—Appeal from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

## STATEMENT OF THE CASE.

In this record there were two bills by creditors of David W. Hopkinson. One filed July 27, 1894, by Phelps, Dodge & Palmer Co., R. P. Smith & Sons Co. and George P. Holmes, against David W. Hopkinson, Charles S. Hopkinson and Sheriff Parley. Another filed August 11, 1894, by the Warren Boot and Shoe Company and the H. Meyer Boot and Shoe Manufacturing Co. against the same parties. The bills involve the same question of law and fact, and were consolidated and heard as one in the Circuit Court. David W. Hopkinson on July 10, 1894, confessed a judgment in the sum of $4,775, in favor of his son, Charles S., who arrived at his majority on March 6, 1894. On July 27, 1894, the complainants, in the first bill mentioned, having obtained judgments before justices of the peace, and executions being returned not satisfied on the judgments aggregating about $600, joined in a bill in chancery against the two Hopkinsons and the sheriff, praying the sheriff might be enjoined from paying over any money that might be realized on an execution on said judgment by confession that had been levied on July 13, 1894, on a stock of boots and shoes belonging to said D. W. Hopkinson, alleging that the judgment against him was fraudulent. On the said day the master granted the injunction, and subsequently the circuit judge modified it so as to restrain the sheriff only from paying over $800 and his costs. On the 1st of August, 1894, the complainants in the second bill mentioned and two other creditors of David W. Hopkinson, sued out attachments, and the sheriff levied them upon the said stock of goods. The sheriff in the meantime had made sale of the goods under the executions of Charles S. Hopkinson, the latter bid in the goods to the amount of $2,000 and the sheriff had about $1,000 in cash received from other bidders. The said attachment creditors filed a bill in chancery setting up a prior

bill and the action of the court thereon, and various allega-
tions of fraud, and prayed the sheriff be enjoined from turn-
ing over the said money and said stock. Subsequently
Charles S. deposited with the sheriff $150 under order of
the court and the sheriff turned over the goods to him. The
sheriff subsequently paid the cost, and by agreement of par-
ties there was deposited with the clerk of the court $1,030.10,
sufficient to cover the claims of the various complainants to
be held to answer final decree. The court below heard the
causes and ordered the said deposits to be turned over to C.
S. Hopkinson. The complainants claim that that money
belongs to them, and that the court erred in not so holding.
Four of the creditors have appealed and the H. Meyer ·
Boot and Shoe Manufacturing Co. have assigned cross-errors.

JARVIS DINSMOOR and CLARENCE L. SHELDON, attorneys for
appellants.

J. E. McPHERRAN, attorney for appellees, contended that
a father may give a minor his time during minority, or
he may authorize him to make contracts for his service and
receive his pay therefor, and when such authority is once
given, it can not be withdrawn so as to affect the contract
made in pursuance of it, and in such case the minor may
sue for and recover his wages. Wood v. Corcoran, 1 Allen
405; Atwood v. Holcomb, 39 Conn. 270; Bobo v. Bryson,
21 Ark. 387; Tillotson v. McCrellis, 11 Vt. 477; Rush v.
Vought, 55 Pa. St. 437; Lyon v. Bolling, 14 Ala. 753; Ev-
erett v. Sherpey, 1 Iowa 356; Morse v. Welton, 6 Con. 547.

Where the minor resides at home, when not at work else-
where, if the father, without objection or interference, has
permitted him to make contracts for his labor and receive
his wages therefor, emancipation will be implied; even
where the minor resides at home and works for his father,
and the father promises to pay him for his services during
his minority, the minor, under such circumstances, may
maintain an action against the father, even for such serv-
ices. Titman v. Titman, 64 Pa. 480; Hall v. Hall, 44 N. H.

293; Eubanks v. Peak, 2 Bailey 4 97; Dierker v. Hess, 54 Mo. 246.

Mr. Justice Lacey delivered the opinion of the Court.

The judgment note given by D. W. Hopkinson to his son Charles, on the 16th day of May, 1894, for $4,671.38, was the foundation for the judgment rendered in his favor July 10, 1894, for $4,775.

The validity of this note and its consideration is attacked by the appellants, and it is this claim which they seek to overthrow, and to establish the priority of their claims against it and Charles' prior judgment execution thereon.

It is claimed that David W. Hopkinson made a statement of his liabilities October 9, 1893, and placed them at $1,137.83, and wrote a letter to the Phelps, Dodge & Palmer Co. asking for an extension of credit, and saying that all he owed was $100 to Tenney and what he owed to the said company; on this statement, goods began to come in May, and they were due on July first, as he understood. It is claimed that these statements were false, for he owed his son more than that amount and it is claimed that there was collusion between David W. and his son Charles to defraud the creditors of David W. It is insisted that it was fraudulent on the part of Charles to hold his note from May until July, while his father was carrying on this store, and he a clerk therein, without taking judgment on it, as he must have known that his father was in failing circumstances.

We do not think that the evidence disclosed by the record sustains the charge, nor do we think that the delay of Charles in taking judgment on the note, under the circumstances, was sufficient proof of fraudulent intent on his part. Indulgence by a creditor to his debtor should not, as a general rule, be construed into an act of fraud on the part of a creditor. Leniency of this kind should be approved rather than condemned, and especially of a son toward his father.

The second point that appellants make is that the judgment of appellee, Charles Hopkinson, mentioned above, was void for want of sufficient consideration. The facts in the

case in regard to the consideration of the note from David
W. to him are that it was given to take up a note of $2,200
given by David W. to his wife in her lifetime, and mother
of Charles S.; that a short time before her death she gave
this note to her son, excluding everybody from the room
except him; that she was at the time sick and soon after-
ward died, and that the note given by his father was in
part in consideration of this note, which was taken up by
the father.   Another part of the consideration was some
small notes and interest amounting to $297.80, and wages
claimed by Charles agreed to be paid to him by his father
for his services as clerk in the store at $10 a week for 105
or 95 weeks, being $928.90.

It is insisted by counsel for appellants that the gift of the
note by Charles' mother to him was a gift *mortis causa*, and
as there was no witness to the gift, it can not be sustained
in law.   There is no evidence that the note was given *mortis
causa*, though it might have been given while appellee's
mother was sick, but there is no evidence that she was in
the apprehension of immediate death.   The possession of
the note with his mother's indorsement on it, was sufficient
to support a common gift, and to corroborate appellee's tes-
timony concerning it.

It appears that the son gave no notice to his father that
this note had been given to him for some time after his
mother's death and until after he became of age.   The evi-
dence is clear that the consideration of the note from David
W. Hopkinson to his wife was for money received by him
from her, inherited by her from her father's estate.   It is
insisted, however, that as to a part of the consideration of
the note from the father to the son, to wit, $928.80, being
for wages due from the father to the son while the latter
was a minor, was without consideration and void, for the
reason that the father was entitled to the wages of the son
and the agreement to pay wages was without consideration.
We think the evidence sufficiently shows that the father had
emancipated his son and given him his time before these
services were performed, and that he agreed to pay him for

them.   In such case it is a rule of law that where a minor's time is given to him and he works for his father he may recover for his wages.   Tittman v. Tittman, 64 Penn. 480; Hall v. Hall, N. H. 290; Hubanks v. Peaks, 2 Bailey, 497; Dierker v. Hess, 54 Mo. 246.   We think, however, the evidence shows sufficiently, at least, that the son was in good faith in taking the note in question in consideration in part for wages due from his father, and whether it should turn out in law that he had no right to take it, yet, under the circumstances, the acceptance of the note in part consideration of the proposed wages, would not be fraudulent, as there was no intention to defraud; therefore Charles S. Hopkinson, in equity, would not forfeit his entire judgment; he should receive what can be supported.   The amount he received by the decree from the sheriff on his judgment would fall short of the actual amount due him on the judgment, greatly more than the amount of the wages contained in the note.   Barrett v. Furges, 51 Ill. 352; Davis v. Ransom, 18 Ill. 402; Phelps v. Curtis, 80 Ill. 109.   It is only in those cases that equity will declare the entire note void where the note is given in part for a fictitious consideration, with fraudulent intent as against creditors.   After a full consideration of all the facts in the case we are satisfied that the decree of the Circuit Court is right.   The decree of the court below is therefore affirmed.