ZEIGLER, Defendant in Error, v. MADDOX, Plaintiff in Error.

1. Where it appears from the face of a deed that it is a conveyance in trust to the use of the grantor, the courts will, as a matter of law, declare it void as against creditors.

2. If it be sought to impeach a deed for fraud as against creditors, and the fraudulent intent be not apparent upon the face of the deed, it must be established by extraneous evidence; the triers of the fact—the jury, or the court sitting as a jury—must respond to the issue raised as to the existence of the alleged fraudulent intent.

*Error to St. Louis Circuit Court.*

This was an action (commenced September 25, 1855) against Turner Maddox, sheriff of St. Louis county, to recover possession of a stock of drugs, medicines, &c., in possession of said Maddox by virtue of a levy of an execution against one William L. Maddock. Zeigler, plaintiff in the present suit, claimed title to said stock of drugs by virtue of a deed of trust executed by said Maddock to secure certain promissory notes. Zeigler was trustee in the deed of trust. The cause was submitted to the court upon an agreed statement of facts. The notes were admitted to be *bona fide* notes. The deed of trust was duly recorded. It appears from the agreed statement that it was understood between Maddock, Zeigler and the *cestui que trust*, at the time of the execution of the deed of trust, that " Maddock should retain possession of said goods until the maturity of said notes, and sell and dispose of them in the usual course of trade ;" that " said Maddock did keep possession of said goods and fixtures, and sold in the usual course of trade, for his own benefit, from the time he executed said deed of trust to plaintiff till the day of the levy and seizure of defendant." The deed itself was not in evidence.

The court simply found from the agreed statement " that the property in question belongs to the plaintiff," and gave judgment accordingly.

*Jones & Sherman*, for plaintiff in error.

I. The deed of trust was absolutely void as a trust for the use of the grantor. (R. C. 1845, p. 525; 15 Mo. 459; Brooks v. Wimer, 20 Mo. 506; Martin v. Rice & Maddox, 24 Mo. 581; 24 Mo. 575; Walter v. Wimer, 24 Mo. 63.) It does not change the character of the deed that the agreement that the grantor should keep possession of the goods and sell, &c., was not incorporated into the body of the deed. It is agreed that there was such an agreement.

*Hudson & Thomas*, for defendant in error.

I. The deed of trust was valid upon its face, was duly acknowledged and recorded. It was made in good faith to secure the payment of a just debt. The parol agreement or understanding, if it could be considered at all, could not affect the legality of the deed. It is not pretended that there was any fraud in fact. The finding of the court is decisive of that question. (See Kneeland v. Cowles, 4 Chand. 46; 7 Mo. 245; 11 Mo. 369; 11 Gratt. 778; 8 Gratt. 148; 21 Ala. 333.)

SCOTT, Judge, delivered the opinion of the court.

The only issue in this case was whether the deed was fraudulent as having been made with intent to hinder, delay or defraud creditors or purchasers. That issue was one of fact to be tried by a jury. As the court assumed the task of a jury and took upon itself to try the issue in the cause, its finding should have shown how the fact in dispute stood between the parties. We do not see that there is any conflict between our cases on this question if the section of the statute concerning fraudulent conveyances, under which they were severally made, be regarded in their consideration. When it appears from the face of the deed itself that there

is a trust or reservation of use to the grantor, the court, as a matter of law, declares the deed void in accordance with the first section of the act concerning fraudulent conveyances, which enacts that every deed of gift or conveyances of goods and chattels in trust to the use of the person so making such deed of gift or conveyance, is declared to be void as against creditors, existing and subsequent, and purchasers. In such cases there is nothing for the jury to pass upon when the court sees that the deed is void upon its face. When the deed is fair on its face, but is affected with a secret trust in favor of the grantor, as such secret trust can only be shown by extrinsic evidence, the existence of fraud is a matter of fact to be tried by a jury, who will determine whether the deed was made with intent to hinder, delay or defraud creditors or purchasers, such case coming within the provisions of the second section of act concerning fraudulent conveyances. In a case arising under the first section of the act, it is not necessary that the deed in so many words should express that it was in trust to the use of the grantor; but if such is the legal effect of it, as gathered from its language, the court will, as a matter of law, declare that it is void. This seems to be the ground of the distinction between the cases on this subject coming before this court; and they can be reconciled by it. (Goodrich v. Downs, 6 Hill, 440.) We do not regard that there is any conflict between the cases of Brooks v. Wimer, 20 Mo. 507, and Waugh & Corthron v. Milburn, 11 Mo. 369—one of these cases being under the first and the other under the second section of the act in relation to fraudulent conveyances. In the last of these cases, as there was only a stipulation in the deed that the possession of the property should remain with the grantor, the court did not consider such a privilege a reservation to the use of the grantor, as the statute expressly provided that possession remaining with the grantor should not be a badge of fraud where the conveyance was duly recorded, which was the case in regard to that deed.

When the facts are agreed, it is a question of law whether

the transaction is fraudulent. But a very material fact, and the most important one, is omitted in the finding, which is the intent with which the conveyance was made. The intent is a fact to be inferred from all the evidence, and is one exclusively within the province of the jury. If the court below will act as a jury it must respond to that fact, and without it its finding is not complete, and the case is in no situation in which this court can pronounce the law of it.

The judgment is reversed and the cause remanded; the other judges concur.