GODDARD, *Appellant*, v. JONES.

Deed of Trust on Personalty: VOID AS AGAINST CREDITORS. A deed of trust to secure a debt described the property as " all and singular the farming implements and tools and live dairy cattle now on the grantor's farm, together with all their increase or substitutes therefor during the lien of this deed, to the value at any time of $4,000," and again as " a constant and continuous stock of farming implements, tools and live dairy cattle and their increase, of a valuation of at least $4,000." It also stipulated that the grantor should at all times keep on his farm property of the kind described, "worth on peremptory sale under the provisions hereof at least $4,000," or, as stated in another place, "at any time in value equal to an appraisement of $4,000." No method was provided for having an appraisement made, and it did not appear but what the implements, tools and cattle on the farm exceeded $4,000 in value. *Held*, that as against other creditors of the grantor the deed was void, (1) Because by the use of the word "substitutes" it impliedly gave the grantor authority to sell and dispose of the cattle in the ordinary course of business; (2) Because of indefiniteness in the description o the property.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

AFFIRMED.

*Wm. B. Thompson* for appellant.

*O. G. Hess* and *W. H. H. Thomas* for respondent.

NORTON, J.—This suit is before us on appeal from a judgment of the circuit court of Jefferson county, and the controlling question in the case is, whether or not a deed of trust executed by Casper H. Kerckhoff to plaintiff as trustee, transferring to him certain personal property to secure certain debts therein mentioned, is void as to the creditors of said Kerckhoff.

The deed of trust, after conveying seven different tracts of land in Jefferson county, conveys the following described property: Also all and singular the farming implements and tools, and all and singular the live dairy cattle now on said land and farm, together with all their increase or substitutes therefor during the lien of this deed of trust to the value, said implements, tools and cattle at any time, of $4,000; that is to say there is hereby conveyed and this deed, during the lien thereof, is to comprehend and be a lien on a constant and continuous stock on said lands and farm of farming implements, tools and live dairy cattle and their increase, of a valuation of at least $4,000.

The deed described seven promissory notes executed by grantor, payable at different dates and amounting to $14,000. It also provided: (1) That during the lien so created said Kerckhoff will keep up on said farm, constantly and continuously, a stock of live dairy cattle and increase thereof and substitutes therefor, and farming implements and tools, which on demand of payment of notes hereunder will and shall be worth on peremptory sale under provisions hereof at least $4,000. .(2) That during the lien

of this deed of trust he, said Kerckhoff, will and shall at his own expense and cost keep and preserve all the fences, and guards, and buildings on and about said lands and farm in good and husband-like condition and repair. (3) That during the lien of this deed of trust he, said Kerckhoff, will and shall use said lands and farm mainly and particularly as a dairy farm and for dairy purposes. (4) That during said lien he, said Kerckhoff, will and shall use the crops raised on said lands in feeding and increase of such cattle and substitutes therefor so that at all times the stock of farming implements and tools and live dairy cattle on said lands and farm shall at any time in value be equal to an appraisement of $4,000. (5) That during the lien of the deed of trust there shall be on the land and farm herein conveyed and subject to the lien of this deed and power of sale herein given, a stock of farming implements, tools, etc., and particularly live dairy cattle, at all times worth at least $4,000.

The circuit court held this deed of trust, as to the personal property, void as to the creditors of the grantor. We are of opinion that this ruling was correct. It is well settled that when it appears from the face of the mortgage or deed of trust that the goods mortgaged were to remain in the possession of the grantor and be disposed of by him in the usual course of trade, the deed is void as to creditors. *White v. Graves*, 68 Mo. 218. While the deed under consideration does not in express terms authorize the grantor to sell and dispose of the property, the power to do so is implied from the authority expressly given to substitute other property of the kind conveyed. Besides, the property conveyed is so indefinitely described, as to put it out of the power of a creditor to ascertain what was conveyed, especially so if the farming implements, tools and live dairy cattle on the farm conveyed exceed $4,000; for it will be observed that the deed does not convey all of the farming implements, tools and dairy cattle on said farm, but only so much thereof as equals in value $4,000, and this value was to be

ascertained according to one provision in the deed by peremptory sale, and according to another, by appraisement, without any method being devised to have such appraisement made. Under such a conveyance, although the property on the farm might be largely in excess of $4,000 in value, the creditor of the grantor could be dealt with by him and the beneficiary in the deed of trust at arms-length. Upon an examination of the record, we fail to perceive that on the trial plaintiff either showed, or undertook to show, that all the farming implements, tools and live dairy cattle were only of the value of $4,000. Without elaborating the question further and showing to what consequences the upholding of such a conveyance would lead, we are of opinion that the judgment is for the right party, and for the reasons given affirm it. All concur.