Bullene v. Barrett.

----

BULLENE et al. v. BARRETT et al., Appellants.

1. **Mortgage of Merchandise, When Void as a Matter of Law.** Where it appears upon the face of a mortgage conveying

| 87 | 185 |
| 36a | 504 |
| 38a | 442 |
| 38a | 444 |
| 87 | 185 |
| 39a | 30 |
| 87 | 185 |
| 44a | 552 |
| 87 | 185 |
| 47a | 666 |
| 87 | 185 |
| 48a | 250 |
| 87 | 185 |
| 49a | 88 |
| 51a | 436 |
| 53a | 117 |
| 53a | 424 |
| 87 | 185 |
| 55a | 452 |
| 56a | 297 |
| 56a | 334 |
| 87 | 185 |
| 125 | 558 |
| 57a | 300 |

Bullene v. Barrett.

goods and merchandise that the mortgageor is to remain in possession of the property, and to sell it in the usual course of business for his own benefit, such mortgage is void as a matter of law under Revised Statutes, section 2496, for the reason that the conveyance is for the use of the grantor, and it is then the duty of the court to pass on the legal effect of the mortgage and to declare it void.

2. ———— : IMPEACHMENT OF BY EXTRINSIC EVIDENCE. Where such facts as would render the deed void on its face appear by extrinsic evidence, the same legal effect follows. It is not necessary in such case that it be made further to appear that the intent of the parties to the conveyance was in fact to hinder and delay creditors.

3. ———— : ———— : INSTRUCTIONS. Where a mortgage valid on its face is sought to be impeached by extrinsic evidence, it is the duty of the court to submit to the jury for its determination the question whether the impeaching facts are true, and to direct that if they are established to their satisfaction they will find the conveyance to be void as to creditors.

4. ———— : FIXTURES. A mortgage of a stock of goods and store fixtures, although void, as to the former, as to creditors because the grantor was permitted to remain in possession and dispose of the merchandise for his own use, will not, for that reason, be invalid as to the fixtures.

*Certified from Kansas City Court of Appeals.*

REVERSED.

*W. C. Stewart* for appellant.

(1) Instruction number two given for respondents did not properly declare the law. (2) Instruction number three also given for respondents is likewise erroneous. If there was no fraud at the time the mortgage was originally made the property immediately vested in the mortgagee and could not be divested by any subsequent fraudulent agreement between the parties. Shep. Touchstone, 66, 240; *Klap v. Shirk,* 13 Pa. St. 589; *Wooster v. Stanfield,* 11 Ia. 128. As to whether fraud in fact exists is a question for the jury. *Zeigler v. Maddox,* 26 Mo. 575; *Webber v. Armstrong,* 70 Mo. 217; *Hewson v. Tootle,* 72 Mo. 632; *Seward v. Jackson,* 8 Cow. 406. Said instruction number three is further

erroneous in that it ignores the *intent* involved, and di-- rects the jury that the facts assumed in the instruction without regard to such intent constitute fraud in fact. *Hughes v. Cary*, 20 Ia. 399 ; *Gay v. Bidwell*, 7 Mich. 519 ; *Biggs v. Parkham*, 2 Mich. 218 ; *Barnora v. Eaton*, 2 Cush. 294 ; *Cobb v. Farr*, 16 Gray, 597 ; *Abbot v. Gooding*, 2 Me. 408. The instruction is further erro-- neous, in that it singles out certain facts and directs a verdict regardless of the other facts in dispute. *Chap-- pell v. Allen*, 38 Mo. 213 ; *Raysdon v. Trumbo*, 52 Mo. 35 ; *Iron Mountain Bk. v. Murdock*, 62 Mo. 73.

*Peak & Yeager* for respondents.

(1) The second instruction given for respondents declares the law as it exists in this state. *Shelby v. Boothe*, 73 Mo. 74 ; *Goff v. Stein*, 12 Mo. App. 122 ; *Henderson v. Henderson*, 55 Mo. 534. (2) Respond- ents' third instruction also rightly declared the law. The same facts which would render a conveyance void as a matter of law if expressed on the face of the con- veyance would likewise make it void if found by the jury to exist outside of it and as part of the transaction. *Johnson v. McAllister*, 30 Mo. 327 ; *Weber v. Armstrong*, 70 Mo. 219 ; *Hewson v. Tootle*, 72 Mo. 632.

NORTON, J.—The judges of the Kansas City court of appeals, being divided in opinion in reference to the propriety of instruction number three, given for plain- tiffs, have certified the case to this court. The suit is by attachment, against defendant Barrett ; the writ was levied upon a certain stock of goods and fixtures as the property of Barrett : defendant, Donnell, appeared to the action, and by permission of the court filed an in- terplea, claiming the right to the property under and by virtue of a mortgage executed by Barrett, acknowledged and recorded before the levy of attachment, conveying to said Donnell a stock of goods, merchandise and fix--

tures to secure the payment of a debt therein specified. On the trial of the issue raised upon the interplea, among other evidence introduced, evidence was offered tending to show that it was agreed and understood between Barrett, the mortgageor, and Donnell, the mortgagee, that Barrett was to remain in possession of the stock of goods mortgaged and sell them in the usual course of trade for his own use and benefit. It is conceded that the mortgage in question was fair and valid on its face.

To meet the state of facts which the evidence tended to establish, the court gave instruction numbered three which is as follows :

" 3.   The court instructs the jury that if they believe from the evidence that there was an understanding or agreement between Donnell and Barrett, at the time the mortgage in question was executed, that the said Barrett was to remain in possession of the stock of goods mortgaged and continue to sell the same in the ordinary course of business and dispose of the proceeds for his own use and benefit, and if the jury shall believe that the said Barrett did in pursuance of such agreement so remain in possession of said stock, and did continue to sell the same for his own use and benefit with the knowledge and consent of and in pursuance of an agreement theretofore made with the said Donnell, then said mortgage was and is fraudulent in fact, and your verdict must be against the interpleader."

While it is conceded that if the vitiating facts stated in the instructions had appeared in the mortgage in question, that it would be void as matter of law, without reference to the intention of the parties, it is contended, that where such facts are made to appear by extrinsic evidence, the mortgage, if fair on its face, is not fraudulent unless it is made further to appear that the intent of the parties was in fact to hinder and delay creditors. It has been held by this court in numerous cases that when it appears on the face of the mortgage conveying

goods and merchandise that the mortgageor is to retain possession of the goods, and to sell and dispose of them in the usual course of business for his own benefit, that such mortgage is void as to creditors, on the ground and for the reason that such a conveyance is deemed in law to be for the use of the grantor, and, therefore, void by virtue of section 2496, Revised Statutes. *Reed v. Pelletier*, 28 Mo. 173; *State to use, etc., v. Tasker*, 31 Mo. 445; *State to use, etc., v. D'Oench*, 31 Mo. 453. It logically follows from this ruling that, in a case where the mortgage is fair on its face and the same impeaching facts are proven by extrinsic evidence, the same legal consequence flows from them when established. It is the facts which invalidate the deed, and not that they are made to appear by this or that evidence. It is sufficient if they are made manifest; and it can make no difference in principle, as to the legal effect of the facts, whether they appear on the face of the instrument itself, or whether they are made to appear by extrinsic evidence. In the former case when the facts appear in the deed, as it is the province of the court to pass upon the legal effect of it, it is its duty to declare it to be void; in the latter case when the facts do not appear on the face of the deed, but are sought to be established by extrinsic evidence, it is the duty of the court to submit to the jury for their determination whether the facts sought to be proven have been proved, and to tell them that if established to their satisfaction that they must find the deed to be void as to creditors.

This question, we think, has been settled in the cases of *Reed v. Pelletier*, 28 Mo. 173; and *State to use, etc., v. Tasker*, 31 Mo. 445. In the former case it is said: "When the maker of a deed of trust or mortgage that conveys a stock of goods continues in possession and sells in the usual course of business, with the knowledge of the *cestui que trust*, very slight evidence ought

to be required to prove that his dealing in that manner was pursuant to a right secured contemporaneously with the execution of the instrument, which would stamp the transaction with constructive fraud, at least, as effectually as if the provision had been incorporated into the deed." In the latter case it is said: "It is not the mere possession of the property by the grantor, but it is the possession, with the power of sale, which defeats the instrument; and if this appears to be the intent of the parties, although neither expressed in terms nor necessarily implied from the deed, yet the effect must necessarily be the same. But where this characteristic is not stamped on the face of the deed, either expressly or by implication, the question is for the jury, under instructions explanatory of the facts which will constitute legal fraud. It is like the case of a voluntary conveyance by a party who is insolvent. Whatever may be the intention of the parties, such conveyances are invalid against prior creditors, and no enquiry into the motive is necessary."

We have been cited to the case of *Zeigler v. Maddox*, 26 Mo. 575, as being in conflict with what is here said. If the opinion in that case is to be construed as holding that when it is proved to the satisfaction of the jury that by the agreement of the parties made at the time of the execution of a mortgage conveying goods and merchandise that the grantor was to retain possession and sell the goods in the usual course of business, for his own benefit, that the court would not be justified in instructing the jury that the deed was void, but must go further and tell them that notwithstanding they might believe such facts, unless they further believed as a fact that the parties intended to hinder, delay and defraud creditors, that the deed was valid and they must find for the parties claiming under it as against a creditor. If the opinion holds this, we may say of it that it is virtually overruled by the case of *Reed v. Pelletier*, 28 Mo. 173, in which opinion Judge Scott,

who delivered the opinion in the case of *Zeigler v. Maddox, supra,* concurred. We are disposed to adhere to the rule announced in the cases cited herein, believing it to be founded in correct principle and in harmony with the policy which dictated the enactment of section 2496, Revised Statutes.

The deed in question, in addition to the stock of goods, conveyed certain fixtures. No evidence was offered tending to show that the fixtures were to remain in possession of the grantor and be disposed of by him for his benefit, and as the instruction complained of declared the deed void as to them as well as the goods, it was erroneous in that particular and for this error the judgment will be reversed and cause remanded. *Donnell v. Byern,* 69 Mo. 468. All concur.