STATE OF MISSOURI to the use of LENA KRATZER *et al.*, Respondents, v. MICHAEL BUSCH *et al.*, Appellants.

**St. Louis Court of Appeals, December 24, 1889.**

1. **Fraudulent Conveyance**: POWER TO MORTGAGOR TO TAKE AWAY OR EXCHANGE PROPERTY. A chattel mortgage is to the use of the mortgagor, and, therefore, fraudulent in law, if it confers on the mortgagor a power to substitute other property in place of any covered by the mortgage.

2. **Chattel Mortgage**: INTERPRETATION PLACED BY PARTIES ON AMBIGUOUS PROVISION. If the language, conferring such power, is ambiguous, then, *semble*, the uncontroverted testimony of the mortgagee, that the purpose of the mortgage was to confer the power of sale and substitution of property on the mortgagor, is conclusive against said mortgagee.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED.

*Edmond A. B. Garesché*, for the appellants.

The power of exchange and substitution conferred on the mortgagor by the mortgagee rendered the mortgage fraudulent as to creditors and void in law. *Goddard v. Jones*, 78 Mo. 518; *Bullene v. Barrett*, 87 Mo.

185.  It having appeared affirmatively, from plaintiff's own testimony, that it was the intention of the parties that the mortgagor should remain in possession, and dispose of the property covered by the mortgage, conditioned only upon his obligation to replace such as he might dispose of by other property of equal value, rendered the mortgage fraudulent in fact as to creditors.  The trial court, therefore, should have so instructed.  Bump on Fraud. Conv., pp. 123-4-5; *Milburn v. Waugh*, 11 Mo. 369; *Brooks v. Wimer*, 20 Mo. 503; *Weller v. Wimer*, 24 Mo. 63; *Martin v. Maddox*, 24 Mo. 575; *Martin v. Rice*, 24 Mo. 581; *Stanley v. Bunce*, 27 Mo. 269; *Billingsly v. Bunce*, 28 Mo. 547; *Lodge v. Samuels*, 50 Mo. 204.

*Henry Boemler*, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an action on an indemnifying bond, given under the sheriff and marshal's act, to indemnify the sheriff for levying an execution against Karl Kratzer upon nineteen cows belonging to a dairy which was, at that time, being conducted by, and in the name of, the defendant in execution.  The plaintiff, who is the wife of Karl Kratzer, claims the cows by virtue of a chattel mortgage, made by him to her, to secure an antecedent indebtedness, growing out of money claimed to have been advanced by her to him, which money was her separate estate.  There was a trial before a jury, and a verdict and judgment for the plaintiff, from which the defendants prosecute this appeal.

The chattel mortgage, under which the plaintiff claims, purports to convey to her four horses, three double wagons and two single wagons, twenty-two head of milk cows and three hogs.  It contains the following clause :  " If any of said cows, horses and hogs die, then the same are to be replaced by said Charles

Kratzer (meaning the defendant in the execution, Karl Kratzer), or to replace the same if said cows, horses and hogs are taken away from there or exchanged—to eb so replaced by said Charles Kratzer, and all of said dairy now on said place, or to be put there hereafter, on said dairy, are to be held under this chattel mortgage." Under the decisions of our supreme court, this chattel mortgage was void on its face, as being a conveyance for the use of the mortgagor, and consequently within the terms of section 2496 of the Revised Statutes of 1879. It has long been the law in this state, that a mortgage of a stock of *goods* which provides that the mortgagor may remain in possession and sell the goods in the usual course of business for his own benefit, is void as to creditors. The last controlling decision upon this question appears to be *Bullene v. Barrett*, 87 Mo. 185, which was certified to the supreme court upon a division of opinion by the judges of the Kansas City Court of Appeals, and is, therefore, in a peculiar sense authoritative. The case of *Goddard v. Jones*, 78 Mo. 518, applies this doctrine in the case of the mortgage of the personal property upon a *dairy farm*, which mortgage, like the one under consideration, allowed the mortgagor to remain in possession, and conferred upon him the power of substituting the cattle and other personalty, so as to keep up the aggregate of the security to the standard of four thousand dollars. The supreme court held the mortgage void on its face, on the ground that, while it did not in express terms allow the grantor to sell and dispose of the property, yet the power to do so was implied from the authority expressedly given to substitute any property of the kind conveyed. Here, the power to take away and exchange is expressly given. If this language were at all ambiguous and needed any interpretation, then it might be said that the plaintiff has placed an interpretation upon it which is conclusive against her, by testifying in substance, that the purpose of the mortgage was to give

her husband the power to sell and replace any cows that should become unfit for dairy purposes, or to replace them by exchanging them for others. This renders it void in law under the decision in *Goddard v. Jones, supra.*

We shall not enter into a discussion of the question how far this decision of the supreme court is opposed to the decision of this court in the case of *Thompson v. Foerstel*, 10 Mo. App. 290, which was also the case of a mortgage of chattels in a dairy; because, in so far as the two cases may be in conflict, the decision of the supreme court necessarily overrules the decision of this court.

Nor is it necessary to consider, whether or not the chattel mortgage under consideration in the present case would be good as to the wagons, since the levy was made only on the cows.

It appearing that the plaintiff upon her own showing has no title which will enable her to maintain the action, the judgment will be reversed but the cause will not be remanded. It is so ordered. All the judges concur.

Rombauer, P. J. delivered the following concurring opinion :

Under the ruling in *Goddard v. Jones*, 78 Mo. 518, the conclusion reached in the opinion of the court is unavoidable. "While the deed under consideration does not, in express terms, authorize the grantor to sell and dispose of the property, the power to do so is implied from the authority expressly given, to substitute other property of the kind conveyed." That is the language used by Judge Norton in that case, and it is equally applicable here. But I do not understand that anything, decided in that case, is in conflict with the points decided in *Thompson v. Foerstel*, 10 Mo. App. 290, because where the grantor, by the terms of

the deed, is expressly prohibited from disposing of any of the mortgaged property, without the consent of the mortgagee, as was, the case there, there is no room for implying from the terms of the deed that the grantor was authorized to sell or dispose of the property for his own use. That would be an attempt to *imply* a meaning *expressly* negatived.

*Metzner v. Graham*, 57 Mo. 406, and subsequent cases in the same line, merely decide that, where the mortgagor, by the terms of the deed, is bound to apply the proceeds of sales of the mortgaged property *to the reduction of the mortgage debt*, the mortgage is not fraudulent in law, even though the power of disposition is reserved in the deed to the mortgagor. This exception cannot cover the unrestrained power of substitution of other property; otherwise the exception, in its logical results, would abrogate the statute itself. But while the law, since the first enactment of the statute on fraudulent conveyances in this state, has always been as above stated, there has been some diversity in the opinions as to whether a mortgage is fraudulent in law, or fraudulent in fact, where the power of disposition is not reserved by the deed itself, but is proven by extrinsic evidence. The distinction between the two cases of fraud is obvious. To constitute fraud in fact a fraudulent intent is essential, but it is not essential to constitute fraud in law. To settle this apparent conflict, the case of *Bullene v. Barrett*, 87 Mo. 185, was certified to the supreme court, and that court, upon a full review of the authorities, decided that, upon proof by extrinsic evidence of an agreement giving to the mortgagor the *power* to deal with the property as with his own, the mortgage is rendered *fraudulent in law*, and the intent of the parties is immaterial.