HERMAN A. MATHES, Appellant, v. PATRICK M. STAED, Sheriff, Respondent.

St. Louis Court of Appeals, November 17, 1896.

**Landlord and Tenant:** LIEN FUTURE ACQUIRED PERSONALTY OF LESSEE: RESERVATION OF POWER OF SALE BY LATTER. A lien, reserved by a lease in favor of the lessor on personal property of the lessee brought upon the demised premises during the term, will not be valid as to a subsequent purchaser of the property from the lessee in good faith, if the lessor and lessee contemplated that it should be sold by the latter in the usual course of trade after having been brought upon the premises.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED (*with directions*)..

*Paul F. Coste* for appellant.

The lien in question was rendered invalid by the reservation of a power of sale by the lessee. *Bullene v. Barrett*, 87 Mo. 185; *Reed v. Pelletier*, 28 Mo. 179; *State v. Tasker*, 31 Mo. 445; *State v. D'Oench*, 31 Mo. 453; *Hubbell v. Allen*, 90 Mo. 574; *Barton v. Sitlington*, 128 Mo. 164; *Goddard v. Jones*, 78 Mo. 518; *State v. Bush*, 38 Mo. App. 440; *Kennedy v. Dodson*, 44 Mo. App. 550; *Cole Mfg. Co. v. Jenkins*, 47 Mo. App. 664; *Saur v. Behr*, 49 Mo. App. 86; *Oliver Finney Grocer Co. v. Miller*, 53 Mo. App. 107. And the law is well settled that where the impeaching facts appear expressly or by implication upon the face of the deed of trust or mortgage, it is the duty of the court to declare the instrument void at the instance of the creditors. *Oliver Finney Grocer Co. v. Miller, supra; Bullene v. Barrett,*

*supra; Walter v. Wimer*, 24 Mo. App. 53; *Smith v. Ham*, 51 Mo. App. 433.

*Laughlin & Tansey* for respondent.

ROMBAUER, P. J.—This is an action of replevin to recover a stock of liquors and cigars described in the writ. The plaintiff claims the merchandise as a purchaser in good faith from one Bonn. The defendant sheriff claims to be entitled to its possession under a writ of attachment issued against said Bonn at the instance of the Mississippi Valley Trust Company. The cause was tried by the court sitting as a jury on an agreed statement of facts, and some documentary evidence submitted in connection therewith, and there is no controversy whatever touching the facts of the case; hence the judgment is a mere conclusion of law. The court rendered judgment for the defendant. The plaintiff appeals, and assigns for error that under the conceded facts this judgment is erroneous.

From the agreed statement of facts and documentary evidence the following facts appear. The Mississippi Valley Trust Company leased certain premises in the city of St. Louis to Bonn on the nineteenth day of October, 1893, for a term of five years. The lease provided that the premises should be used by the lessee as a *liquor house,* and the evidence shows that they were used by the lessee for carrying on thereon the usual trade in liquors, and other articles sold in connection therewith, from the date of the lease until the date of the attachment, which took place in May, 1894. There is no evidence, either direct or inferential, that the lessor was not fully aware for what purposes the premises were used, even if the term, *liquor house,* was in any way ambiguous; nor is there any evidence, direct or inferential, that the lessee was to account or

did account for the proceeds of these sales to the lessor. The lease contained the following provision: "All the furniture, fixtures, improvements and other personal property, of said lessee now in said premises, or which during the term of this lease may be contained therein, shall be and is hereby bound for all the rent herein reserved and for the fulfillment of all the covenants in this lease, and a lien on the same is hereby created thereon in favor of said lessor for such rents and the fulfillment of said covenants." It is by virtue of this provision of the lease that the sheriff under the writ of attachment claims a prior lien on the goods replevied, although the conveyance and delivery of the goods by Bonn to plaintiff was antecedent in date to the levy of the attachment.

It is well settled in this state that a reservation in a lease of a lien on property of the lessee on the premises let is effectual to hold property subsequently acquired by the lessee and placed upon the premises, and that such a lien takes precedence over subsequent conveyances executed by the lessee. *Wright v. Bircher's Executor*, 72 Mo. 179. Nor does a provision in a mortgage or lease, conveying subsequently acquired property, render the instrument fraudulent as a matter of law. These propositions are conceded by the appellant as fully established both in this state and elsewhere. The contention of the appellant, however, is that, as it appears conclusively *by implication* that the lessor and lessee contemplated that the merchandise which was to be brought on the premises by the lessee was to be bought and sold by him in the usual course of trade, the reservation of a lien as to such merchandise was necessarily fraudulent as to a subsequent purchaser in good faith from the lessee. This contention as a legal proposition is abundantly supported by the decisions in

this state. *Bullene v. Barrett*, 87 Mo. 185; *Goddard v. Jones*, 78 Mo. 518; *State to use v. Busch*, 38 Mo. App. 440; *Kennedy v. Dodson*, 44 Mo. App. 550.

We do not mean to assert that from the mere fact, that a stock of merchandise is mortgaged, the inference is unavoidable that the mortgagor remaining in possession is to dispose of the same in the usual course of trade for his own use, and that, hence, the mortgage as to such goods is always necessarily fraudulent as to creditors and subsequent purchasers. There may be cases, of which *Weber v. Armstrong*, 70 Mo. 217, is an illustration, where the power of the mortgagor to sell and substitute rests upon bare conjecture, and where the mortgage can not be pronounced fraudulent upon its face as a matter of law. This, however, is not such a case. Here it distinctly appears by the agreed facts that the premises were let for the express purpose of carrying on a merchandise business in liquors on them, and that they were so used for the period of more than six months by the lessee, part of the premises being used as a barroom; hence the inference is unavoidable that both lessor and lessee contemplated a right of sale and substitution of the goods whereon the lessor reserved the lien, which he now seeks to assert through the sheriff. It results from the foregoing that the court erred in its judgment, and that under the conceded facts the plaintiff was entitled to judgment.

The judgment is reversed and the cause remanded, with directions to the trial court to enter judgment in favor of plaintiff for possession of the goods replevied, and costs. All the judges concur.