HERMAN SAUERWEIN *et al.*, Respondents, v. RENARD CHAMPAGNE COMPANY, Appellant.

### St. Louis Court of Appeals, December 8, 1896.

1. **Practice, Trial:** ATTACHMENT: PROOF: VERDICT. Under the statute plaintiff may set out in his affidavit as many grounds for attachment as he may choose, and if the proof sustains any of the grounds alleged, a general verdict for him will be upheld. *Tucker v. Frederick*, 28 Mo. 574. *Stewart v. Cabanne*, 16 Mo. App. 531, distinguished.

2. **Attachment:** UNRECORDED CHATTEL MORTGAGE: FRAUD: EVIDENCE: ONUS. Where a mortgage was executed by defendant on merchandise, and he was permitted to remain in control of the mortgaged goods and to dispose of them in the ordinary course of trade without accounting to the mortgagee for the proceeds, such fact was evidence of a prior agreement to that effect, and a failure to record such mortgage for several months after its execution by prearrangement between the mortgagor and mortgagee, the evident purpose of which was not to impair the credit of the mortgagor, was entitled to consideration in connection with such fact, and evidence offered by plaintiffs held sufficient to throw on defendant the burden of a satisfactory explanation.

3. ————: ABATEMENT: MERITS. On a plea in abatement the merits of plaintiffs' case are not proper subjects of inquiry. *Chouteau v. Boughton*, 100 Mo. 406.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*Louis A. Steber* for appellant.

To render the mortgage to the bank fraudulent as to defendant's creditors, it must appear that the deed was executed for that purpose; it is not sufficient that. the effect of the deed is such as to hinder or delay creditors. *Spencer v. Deagl*, 34 Mo. App. 455, 457, 458; *Dougherty v. Cooper*, 77 Mo. 528, 531.

There is no evidence that plaintiffs are "creditors" of defendant. R. S. 1889, sec. 521, subds. 5, 7, 8, 9, 10.

There is a failure of proof in this case to show that there was an actual or subsisting debt in favor of plaintiffs, and the attachment can not be sustained. *Herne v. Keath,* 63 Mo. 84, 89.

A verdict for plaintiff should specify on which count of the petition it is founded. *Rupe v. Alkire,* 77 Mo. 641, 644.

*Berthold A. Lange* and *B. Schnurmacher* for respondents.

A chattel mortgage on a stock of merchandise is fraudulent as a matter of law, where it appears on its face that the mortgagor is permitted to retain possession and to dispose of the goods in the ordinary course of business on his own account. *American O. L. Co. v. Wyeth Hardware, etc., Co.,* 57 Mo. App. 297.

And where it does not so appear on the face of the mortgage, but is shown *aliunde,* the like result follows. In either case the mortgage is a fraudulent disposition of the debtor's property, and warrants attachment. *Cole Mfg. Co. v. Jenkins,* 47 Mo. App. 664; *Russell v. Rotherford,* 58 *Id.* 550; *Reed v. Pellitier,* 28 Mo. 173; *Kuhn v. Garvin,* 125 *Id.* 547, 558; *Bullene v. Barrett,* 87 *Id.* 185. See, also, *Sauer v. Behr,* 49 Mo. App. 88.

A chattel mortgage not placed on record for an unreasonable length of time will constitute ground of attachment, as a fraudulent conveyance, at the suit of any creditor, prior or subsequent. *Sauer v. Behr,* 49 Mo. App. 88.

On the trial of a plea in abatement filed in an attachment suit, the merits of plaintiffs' case are not the subjects of inquiry. *Chouteau v. Boughton,* 100 Mo. 406.

A general finding for plaintiff was sufficient. *Eisenhardt v. Cabanne*, 16 Mo. App. 531; *Tucker v. Frederick*, 28 Mo. 574.

APPELLANT'S REPLY.

The facts in this case bring it within the doctrine of *Donnell v. Byern*, 69 Mo. 468. See, also, *State to use v. Tasker*, 31 *Id*. 445.

ROMBAUER, P. J.—This is an attachment suit. The plaintiffs recovered judgment against the defendant both on the plea in abatement, and on the trial of the merits. The errors assigned relate exclusively to the trial of the plea in abatement, and may be summarized under two heads, namely: *First.* That the verdict was informal because it was a general verdict for the plaintiffs, although the grounds of attachment stated in the affidavit were numerous. *Second.* That the verdict is not supported by substantial evidence.

Under the statute relating to attachments, the plaintiffs may set out in their affidavit as many grounds for attachment as they see fit to do, and a general verdict for them will be upheld, if the proof sustains any of the grounds thus alleged. *Tucker v. Frederick*, 28 Mo. 574. We held in *Stewart v. Cabanne*, 16 Mo. App. 531, that the practice adopted in that case which required the jury to state in their verdict on what ground of attachment they found for the plaintiff was commendable. As no such instruction was requested in this case by either party, the question is foreign to the record, whether the refusal of such an instruction would constitute reversible error. This disposes of the first assignment of error.

ATTACHMENT: proof: verdict.

The plaintiff's evidence tended to show that the defendant placed a chattel mortgage on its fixtures and

manufactured wines, and that such mortgage was not recorded for several months thereafter and after the attachment of the goods on plaintiffs' writ, and that the defendant sold some of its wines thereafter in the usual course of trade. It did not appear whether the defendant's debt to the plaintiffs was antecedent or subsequent to the delivery of the mortgage, and while it did appear that the mortgagor remained in possession of the property, the defendant claims there is no evidence which shows either expressly or by implication, that he was after the execution of the mortgage authorized to sell the wines for his own use. Touching the good faith of the debt secured by the mortgage there is no controversy.

UNRECORDED chattel mort-gage: fraud: evidence: onus.

If we understand the defendant's contention correctly it is this: An unrecorded mortgage while it will not support a claim of title against anyone claiming subsequently under the grantor, is not characterized as a fraudulent conveyance by section 5176 of the statute. It necessarily results from this that before the omission of record can confer a right of attachment, it must appear that the plaintiff has been defrauded in some way by that act. As to a subsequent creditor there may be a presumption that by the withholding of the mortgage from record, he was induced to extend a credit to the debtor which he otherwise would not have done, but this can not be the case as to a prior creditor who could not possibly have been influenced in his action by the existence or nonexistence of the mortgage. As the plaintiffs sold the goods in October, 1892, they stand in the position of antecedent creditors. This contention of the defendant is sound and borne out by decisions in other states. Jones on Chattel Mortgages, 245. An unrecorded mortgage is void as against an attaching creditor who has other grounds of attachment. but the omission of record where the mortgage is given

in good faith to secure an existing debt, can not *when standing alone* confer a ground of attachment upon an antecedent creditor.

The case, however, is entirely different when the mortgage is considered as a conveyance made to the grantor's own use. The first section of the statute on fraudulent conveyances renders all instruments of that character *fraudulent* and void against creditors *existing* and subsequent, hence if the mortgage was made with such a purpose, it does furnish a ground of attachment as being fraudulent in law. It is decided that if any part of the purpose be one to make the instrument one to the grantor's own use, the instrument will be one fraudulent in law. Fraud in law furnishes ground for attachment as well as fraud in fact.

Where a chattel mortgage is executed by the debtor on merchandise, and he is permitted to remain in its control and to dispose of it in the usual course of trade without accounting to the mortgagee for the proceeds, such fact is some evidence of an antecedent agreement to that effect. That such was the understanding between the mortgagor and mortgagee may be shown by implication. The inferential evidence may be so conclusive in its character as to make the mortgage fraudulent as a matter of law, and we so decided in the recent case of *Mathes v. Staed*, 67 Mo. App. 401; or it may be disputable, and then it is a question for the jury whether the inference should be drawn or not. *Bullene v. Barrett*, 87 Mo. 185. The failure to record the mortgage by prearrangement between the mortgagor and mortgagee, for a number of months after its execution, is entitled to consideration in this connection, because the evident purpose of this was not to impair the credit of the mortgagor, and his credit was only of importance to him as a trader; that is, a buyer and seller of

VOL. 68 app—3

merchandise. We must conclude therefore that the evidence offered by the plaintiffs was sufficient to throw the burden of a satisfactory explanation on the defendant. As the defendant offered no evidence we can not vacate the judgment for failure of proof.

The defendant also claims a failure of proof in this, that there is no evidence that the plaintiffs were his

PLEA in abatement: merits.
creditors. The merits of the plaintiffs' case are not proper subjects of inquiry on a plea in abatement. *Choteau v. Boughton*, 100 Mo. 406. If the plaintiff fails on the merits, his attachment also fails. Besides, in this case it is conclusively established by the final judgment that the plaintiffs were creditors of the defendant at the date of the institution of the suit. Hence we are asked to reverse a judgment for the purpose of compelling the plaintiffs to establish a conceded fact.

All the judges concurring, the judgment is affirmed.