BRADLEY et al., Appellants, v. CAMPBELL et al., Respondents.

**St. Louis Court of Appeals, June 4, 1908.**

**REPLEVIN: Property Destroyed Pending Action: Damages.** In an action of replevin for the possession of chattels which were retained by the defendant on giving a delivery bond, where the property was destroyed by fire before the trial, the court on finding the issues for the plaintiff, should render judgment for the value of the property.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED (*with directions*) AND CERTIFIED TO SUPREME COURT.

*Ward & Collins* for appellants.

The court erred in sustaining respondents' motion for a new trial and in not sustaining appellant's motion

to set aside the order of the court in sustaining said motion for a new trial, because appellant was entitled to damages for all that portion of the personal property which had been destroyed by fire prior to the trial and was entitled to a judgment for the value of that portion of said property which was *in esse* at the time of the trial. R. S. 1899, sec. 4476; Dillard v. McClure, 64 Mo. App. 488.

*C. G. Shepard* and *McKay & Corbett* for respondents.

This finding of the court was manifestly erroneous, as it has always been held by the appellate courts of this State in replevin proceedings, that the value of the property must be assessed at its value on the date of trial, and if the property is live property and dies, or is other personal property and is destroyed in the hands of the defendant pending the suit, the plaintiff has no just claim for more than damages for the detention of the property up to the time of its death or destruction, unless the property be shown to have been destroyed or died by reason of the negligence or fault of the defendant. Pope v. Jenkins, 30 Mo. 528; Jennings v. Sparkman, 48 Mo. App. 245; Hinchey v. Koch, 42 Mo. App. 230; Burkeholder v. Rudrow, 19 Mo. App. 60; Miller v. Bryden, 34 Mo. App. 602; Chapman v. Kerr, 80 Mo. 158; Mix v. Kemper, 81 Mo. 93.

BLAND, P. J.—This action is replevin, brought against defendant Mary Campbell, for the recovery of specific personal property, consisting of household and kitchen furniture alleged to be of the value of $400. Plaintiffs executed the ordinary replevin bond and on service of the writ on defendant Mary Campbell, she executed a statutory delivery bond and retained possession of the property. At the close of plaintiffs' evi-

dence and after Mary Campbell had testified in her own behalf, on her motion, her husband, C. Campbell was made a party defendant. The evidence shows that after she had executed her delivery bond, Mary Campbell stored the furniture and that all of it, except a few chairs, was accidentally destroyed by fire. The cause was submitted to the court without a jury. After hearing the evidence, the court found the issues for plaintiffs and assessed the value of the property at $368.40. Defendants filed a motion for new trial which the court sustained for the reason it was of opinion that plaintiffs were not entitled to recover, as at the time the cause was tried, the property had been destroyed by fire while in the possession of defendant Mary Campbell and after she had executed her delivery bond for it. The appeal is from the order sustaining the motion for new trial.

Section 4476 of the replevin act provides that if the defendant fail in his defense, and "have not the property in possession, the court or jury shall assess the damages, and the judgment shall be against the defendant and his sureties, for the damages so assessed." When the defendant gives bond and retains the property and sells the same before the trial, the plaintiff is entitled to its actual value at the time of the sale. [Dillard v. McClure, 64 Mo. App. 488.] The general rule is that the value of the property should be assessed at the time of the trial. [Richey v. Burnes, 83 Mo. 362; Standard Oil Co. v. Meyer Bros. Drug Co., 84 Mo. App. 76; Pope v. Jenkins, 30 Mo. 528.] The latter case was to replevy a slave retained by the defendant on giving a forthcoming bond. The slave died preceding the suit. The court held that the defendant was not an insurer of the life of the slave and it would be manifestly unjust to make him responsible for the act of Providence which no prudence could avert and which would probably have occurred had the possession been with the adver-

sary.    Jennings v. Sparkman, 48 Mo. App. 246, was
replevin for a number of mules retained by defendant
by giving a forthcoming bond.    One of the mules died
pending the suit.    The court held plaintiff could re-
cover nothing under the head of value for the dead mule
unless he could show that the death happended through
negligence or other fault of the defendant; that if he
could, he was entitled to its value at the time of death.
Cobbey says:    "Where property dies or is destroyed
pending the suit without fault of the  defendant, he
should not answer in damages for the value of the prop-
erty so lost."    [Cobbey on Replevin (2 Ed.), sec. 831.]
The contrary rule applies where the plaintiff takes the
property and is found not to be entitled to its possession,
for he is a wrongdoer from the beginning and is liable
for its loss by act of God or otherwise.    [Cobbey on
Replevin, sec. 830 and cases cited in footnote.]    All
the property was not lost in the fire; some chairs were
rescued, shown to be worth $3.50 at the time of the
trial.    Judgment for this amount should have been en-
tered for plaintiffs.

2.    But defendants contend that the motion for
new trial should have been sustained on other grounds
set forth in the motion.    The evidence is that defend-
ants executed, acknowledged and delivered to plaintiffs
an absolute bill of sale for all the property described,
and at the same time took from defendants a lease of
the property and of a hotel building where it was sit-
uated and in use.    The consideration for the bill of
sale was that defendants would pay at maturity their
five promissory notes for $200, each of which plaintiffs
had indorsed or signed as sureties.    The bill of sale
was duly recorded in the recorder's office of Pemiscot
county, September 13, 1905.    The record recites that
defendants offered a chattel mortgage in evidence but
it is not set out in the record nor is its substance stated.

The place for it in the bill of exceptions is blank. We are therefore left entirely in the dark as to its contents and hence have no facts before us from which we can determine whether the court erred in refusing certain instructions, the refusal of which is assigned as error for which the court should have granted a new trial. I think the judgment should be reversed and judgment entered for the proved value of the chairs rescued from the fire, but Judges Goode and Nortoni are of opinion that the burning of the property did not release defendants from their obligation to account to plaintiffs for the value of the property, and cite Van Zile on Bailments, secs. 61 and 64; George v. Hewlett, 70 Miss. 1; and Heard v. Hicks, 101 Ala. 102, as supporting their contention. The judgment is therefore reversed and the cause remanded with directions to the trial court to set aside the order granting a new trial, to overrule. the motion for new trial and to enter judgment for the ascertained value of the property replevied, to-wit, $368.40.